UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**13  CV  4221**

------------------------------------------------------------------X

MICHAEL V. DINKINS,

|  | |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | JURY TRIAL DEMANDED |

THE CITY OF NEW YORK,
JOHN DOES 1-2, employees of the New York City Police
Department;
BEST BUY CO., INC.;
JOHN DOE 3, a manager of BEST BUY CO., INC.;
JOHN DOE 4, a security guard of BEST BUY CO., INC.; and
JOHN DOES 5-8, employees of BEST BUY CO., INC.,

Defendants.

------------------------------------------------------------------X

Plaintiff, MICHAEL DINKINS, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, MICHAEL DINKINS, seeks relief for

   the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

   §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the

   United States Constitution, and of rights secured under the laws and Constitution of the

   State of New York.  The plaintiff seeks damages, both compensatory and punitive,

   affirmative and equitable relief, an award of costs, interest and attorney's fees, and such

   other and further relief as this Court deems equitable and just.

1

## JURISDICTION

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.  Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.  The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.  Venue herein is properly laid in the United States District Court for the Southern District of New York.

## NOTICE OF CLAIM

6.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.  That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing and this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8.  Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

2

**PARTIES**

9.  Plaintiff, MICHAEL DINKINS, is an adult and at all times hereinafter mentioned is a citizen of the United States residing in Kings County, City and State of New York.

10. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department ("NYPD").

12. Defendants, JOHN DOES 1-2  (the "individual NYPD defendants"), are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. The defendants were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK. The defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The defendants are sued herein in their official and individual capacities.

3

13. Defendant, BEST BUY CO., INC., was and is a foreign business corporation located at 52 East 14th Street near 4th Avenue in the County, City and State of New York, and operating, duly organized and existing under and by virtue of the laws of the State of New York. It is designated as a foreign business corporation by the New York State Department of State.

14. At all times herein mentioned, defendants JOHN DOES 3-8 (the "individual BEST BUY defendants") were and are employees of the defendant BEST BUY CO., INC., and were acting within the scope of their employment with the defendant BEST BUY CO., INC.

15. At all times herein mentioned, defendants JOHN DOES 3-8 are and were acting under color of state law.

16. At all times herein mentioned defendants BEST BUY CO., INC. and JOHN DOES 3-8, through their ongoing relationship, joint action, and conspiracy with, members of the New York City Police Department (hereinafter "NYPD"), were clothed with, and acted with impunity because they were clothes with and protected by, the authority of state law.

17. Defendants JOHN DOES 3-8 are sued herein individually.

18. At all times herein mentioned, defendants BEST BUY CO., INC. its agents, servants and/or employees, including defendants JOHN DOES 3-8, was under an obligation to operate, manage, maintain, and control the premises, and their own and their subordinates' activities and behavior, in a careful, safe, and lawful manner.

19. At all times herein mentioned, defendants BEST BUY CO., INC. was under an obligation to use reasonable care in the hiring, training, retention, and supervision of their employees.

20. At all times herein mentioned, defendant CITY OF NEW YORK was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

4

## STATEMENT OF FACTS

21. On January 26, 2013 (the "date of the arrest"), at approximately 12:00 a.m., plaintiff, MICHAEL DINKINS, was lawfully present inside of the Best Buy store located at 52 East 14th Street in the City and County of New York, State of New York (the "location").

22. JOHN DOE 5, a store employee on duty at the time of the incident, falsely accused the plaintiff of criminal activity inside of the location, and alerted his manager, JOHN DOE 3.

23. JOHN DOE 5 acted aggressively towards plaintiff and spoke to him in a condescending and disrespectful tone throughout the duration of the incident.

24. Plaintiff was not involved in any unlawful or suspicious activity.

25. JOHN DOE 3 then falsely accused plaintiff of being engaged in criminal activity and/or of otherwise attempting to steal, damage, or otherwise destroy property of defendant BEST BUY CO., INC., inside of the store.

26. JOHN DOE 3, as manager and supervisor of the location, then alerted JOHN DOE 4, a security guard of BEST BUY CO., INC.

27. Without any legal basis or justification, JOHN DOES 3-8 (i.e. the individual BEST BUY defendants) then physically detained plaintiff and prevented him from leaving the store. While detaining him, the individual BEST BUY defendants would not tell plaintiff why he was being detained, and continued to speak to him in an aggressive, threatening condescending and disrespectful tone and manner.

28. JOHN DOE 3, as manager and operator of the defendant BEST BUY CO., INC., called

5

the police and asked them to come to the location to arrest plaintiff.

29. Defendants John Does 1 and 2, the individual NYPD defendants, arrived at the scene in response to the call.  The individual NYPD defendants were in uniform and on duty.

30. The NYPD defendants first sought to speak with, and did speak with, employees of defendant BEST BUY CO., INC. including the individual Best Buy defendants and/ or other employees of the defendant BEST BUY CO., INC., named herein.

31. When the police officers approached the plaintiff – despite the fact that it was plainly visible that plaintiff had not attempted to damage, destroy, or steal property, or engage in any other illegal activity – the individual NYPD defendants would not listen to anything plaintiff said, and were very rude, dismissive, threatening and aggressive towards plaintiff.

32. Defendant John Doe 1 would not tell plaintiff why he was being arrested and, when asked, told plaintiff to "shut up."

33. John Doe 2 did not intervene and at no time did he tell plaintiff why he was being arrested.

34. Defendant John Doe 1 also told plaintiff that he was being arrested because he had a "quota to meet" and stated, in sum and substance, that he was "sick of you people around here."

35. After plaintiff told the individual NYPD defendants how he had just been falsely accused, physically detained, falsely arrested, and prevented from leaving the location, plaintiff was nonetheless detained and searched by the individual NYPD defendants named herein.

36. The search yielded no evidence of any guns, drugs, or contraband.

37. There was no evidence that plaintiff had engaged in any illegal activity.

38. Plaintiff complied with all of the individual NYPD defendants' requests.

39. Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendant officers arrested him.

40. John Doe 1 placed excessively tight handcuffs on plaintiff's wrists causing him extreme physical pain.

41. Plaintiff was taken to the local area precinct believed to be the 9th Precinct, where he was held for several hours.

42. At the 9th Precinct, despite the fact that plaintiff had not been engaged in any suspicious or illegal activity, and despite the fact that the searches of plaintiff yielded no evidence of any guns, drugs or contraband, John Doe 1 strip searched plaintiff.

43. The search yielded no evidence of any guns, drugs, or contraband.

44. Despite the fact that plaintiff had not been engaged in any illegal activity, and despite the fact that the numerous and invasive searches conducted against plaintiff yielded no evidence of any wrongdoing, from the 9th Precinct plaintiff was then taken to New York County Central Booking and processed under Arrest Number M2013608235.

45. Plaintiff was eventually summarily released from central booking without being charged and without seeing a judge when the New York County District Attorney declined to prosecute plaintiff.  Accordingly, the charges against plaintiff were dismissed in his favor.

46. The individual NYPD defendants (i.e. John Does 1 and 2) who arrived at the location at the Best Buy did not seek to speak to, and did not speak to, any of the numerous witnesses present whether about whether plaintiff had in fact had engaged in any of the

7

activities alleged by the individual BEST BUY defendants (i.e. John Does 3-8 named herein), and whether he had in fact been detained by the individual BEST BUY defendants without any legal basis.

47. The NYPD and the CITY OF NEW YORK had a policy, practice, and/or custom that members of the NYPD simply defer to accounts of alleged misconduct by employees and/or members of the public given by management and/or security guards at various retail establishments in the CITY OF NEW YORK.

48. Defendant John Doe 4, a security guard at BEST BUY CO., INC., detained and falsely imprisoned plaintiff under color of law in that he and other employees of BEST BUY CO., INC., were granted by members of the NYPD a status according to which they were granted undue deference in their disputes with the public.

49. Defendants John Does 3-8 acted under color of law in that they willfully participated jointly with members of the NYPD, including the individual NYPD defendants, and the individual NYPD defendants arrested plaintiff based on statements made by defendants JOHN DOE 3 named herein (manager of BEST BUY CO., INC.), defendant John Doe 4 named herein (a security guard at BEST BUY CO., INC.), and the remaining individual BEST BUY defendants named herein at John Does 5-8 (employees of BEST BUY CO., INC.), without conducting any independent or honest investigation, and granting undue deference to the narratives provided by the individual BEST BUY defendants.

50. Defendant BEST BUY CO., INC., by and through its agents, servants and/or employees, including JOHN DOES 3-8, willfully participated in joint activity with defendant CITY OF NEW YORK, its agents, servants and/or employees, in attempting to have plaintiff

detained, arrested, imprisoned, and charged without justification, privilege or probable cause.

51. Based on the instigation, importuning and encouragement by defendant BEST BUY CO., INC., its agents, servants and/or employees, including defendants JOHN DOES 3-8, and without first conducting any reasonable or honest inquiry or investigation, the individual NYPD defendants intentionally and with deliberate indifference to plaintiff's civil rights arrested plaintiff, and further purposely processed plaintiff at the 9th Precinct of the New York City Police Department and at New York County Central Booking under Arrest Number M2013608235 in the hopes that they would be able to cover up and justify their initial unjustified detainment, search, and arrest of plaintiff.

52. It was objectively unreasonable for the defendants to arrest the plaintiff as there was no evidence that he had engaged in any unlawful conduct.

53. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

54. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the aforementioned conduct engaged in against the plaintiff.

55. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

56. That at all relevant time mentioned herein, the defendants were on duty and acting within the scope of their employment, and under color of law and their acts were done in furtherance of the City of New York's and in Best Buy Co., Inc.'s interests without legal

justification.

57. As a result of the collective acts of the individual NYPD and BEST BUY defendants,

defendant BEST BUY CO., INC. and the CITY OF NEW YORK, their agents, servants

and/or employees, including the defendants named herein, plaintiff sustained physical

injury and suffered emotional distress, and has otherwise been damaged.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY THE INDIVIDUAL DEFENDANTS

58. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with

the same force and effect as though fully stated herein.

59. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of

plaintiff and in failing to protect him from the unjustified and unconstitutional treatment

he received at the hands of other defendants, the individual defendants, individually and

collectively, acting with animus, acting both on their own and in conspiracy with one

another, and under color of law and without lawful justification, intentionally,

maliciously, and with deliberate indifference to or a reckless disregard for the natural and

probable consequences of their acts, caused plaintiff to be unlawfully subjected to

unreasonable false arrest and caused damage in violation of the plaintiff's constitutional

rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including

its Fourth and Fourteenth Amendments.

60. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, psychological injury and emotional distress,

10

great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

61. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory individual JOHN DOE 3 (a manager of BEST BUY CO., INC.), who exercised supervisory responsibilities, caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

63. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK AND OF BEST BUY CO., INC. FOR CONSTITUTIONAL VIOLATIONS

64. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

65. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants named herein, had in

effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

66. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual and Doe defendants named herein, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights and did violate plaintiff's rights.

67. The misconduct detailed above was also the result of an institutional policy, practice and/or custom of the defendant CITY whereby NYPD officers and/or employees responding to scenes such as that described above are discouraged from making further inquiry or investigation prior to arresting a subject other than receiving information from the personnel, employees, security guards, and managers at retail establishments, which is given undue deference.

68. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to

12

the constitutional rights of citizens and which are officially tolerated by defendant THE

CITY OF NEW YORK.  Such policies, practices, customs or usages were the direct and

proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed

by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States

Constitution.

69. Defendant City of New York was responsible for ensuring that reasonable and

appropriate levels of supervision were in place within and/or over the NYPD.

70. Defendant had actual or constructive knowledge that there was inadequate supervision

over and/or within the NYPD with respect to its members' abuse of their authority, use of

excessive force, abuse of arrest powers, and other blatant violations of the United States

Constitution and rules and regulations of the NYPD.  Despite ample notice of inadequate

supervision, defendants took no steps to ensure that reasonable and appropriate levels of

supervision were put in place to reasonably ensure that NYPD members engaged in

police conduct in a lawful and proper manner, including their use of their authority as law

enforcement officers with respect to the general public, including, and specifically, the

plaintiff herein.

71. The defendant City of New York deliberately and intentionally chose not to take action to

correct the chronic, systemic, and institutional misuse and abuse of police authority by its

NYPD employees, and thereby deliberately and intentionally adopted, condoned, and

otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice, and custom of utilizing illegal and impermissible searches, arrests, detentions,

malicious prosecution, and the manufacturing of evidence, in the ordinary course of

13

NYPD business in flagrant disregard of the state and federal constitutions, as well as the

Patrol Guide, up to and beyond the plaintiff's arrests.

72. The aforementioned customs, practices, procedures, and rules of the City and the NYPD

are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    b. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    c. Retaliating against officers who report police misconduct; and

    d. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

73. The existence of unconstitutional customs and policies, including those detailed herein,

may be inferred from repeated occurrences of similar unconstitutional, illegal, and

wrongful conduct, as documented in numerous civil actions, including, but not limited to,

the following:

    a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h. *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

      i.   *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

      j.   *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

74. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

75. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

76. At all times material to this complaint, defendant BEST BUY CO., INC., acting through its employees and agents, and through the individual defendants had *de facto* policies, practices, customs and usages, including acting in conspiracy and conjunction with employees and agents of the City of New York concerning the aforementioned unconstitutional policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

77. At all times material to this complaint, defendant BEST BUY CO., INC., acting through its employees and agents (including its managers and security personnel), and through the individual defendants, had *de facto* policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline its employees and agents, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise of discipline said employees and agents.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

78. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

79. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury, physical injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1981

80. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81. The plaintiff was subjected to racially discriminatory conduct by the defendants BEST BUY CO., INC., and JOHN DOES 3-8 in violation of his rights as guaranteed under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

16

82. The plaintiff was subjected to racially discriminatory conduct by the defendants CITY OF NEW YORK. and JOHN DOES 1 and 2 in violation of his rights as guaranteed under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### FIFTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF BEST BUY CO., INC. FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983, AND UNDER 42 U.S.C. § 1981**

83. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. The conduct of the individual BEST BUY defendants occurred while they were on duty and/or in uniform and/or in and during the course and scope of their duties and functions as managerial and/or security employees and/or retail employees in the management and maintenance of BEST BUY CO., INC., and/or while they were acting under color of state law as agents of defendant BEST BUY CO., INC. and/or while they were acting under color of state law through conspiracy with officers and/or officials of the CITY OF NEW YORK and/or while they were engaging in racially discriminatory conduct toward plaintiff in violation of 42 U.S.C. § 1981, and, as a result, defendant BEST BUY CO., INC. and defendant JOHN DOE 3, as the manager of BEST BUY CO., INC. are liable to plaintiff pursuant to the doctrine of respondeat superior for deprivation of rights under the United Stated Constitution and 42 U.S.C. § 1983, and under 42 U.S.C. § 1981.

## SIXTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF BEST BUY CO., INC. FOR STATE LAW VIOLATIONS

85. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

86. The conduct of the John Does 3-8, occurred while they were on duty and/or in uniform and/or in and during the course and scope of their duties and functions as managerial and/or security personnel and/or employees in the management and maintenance of BEST BUY CO., INC., defendant BEST BUY CO., INC. is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

87. As a result of the foregoing, plaintiff was deprived of his liberty, suffered pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### RESPONDAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

88. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

89. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE

DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

90. On January 26, 2013, at the aforementioned location, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

91. That on or about January 26, 2013, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

92. That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

93. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

94. That the plaintiff was conscious of the confinement.

95. That as a direct, sole and proximate result of the false arrest, and imprisonment, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress,

moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

96. By the individual and collective actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

97. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.


## EIGHTH CLAIM

### FALSE ARREST AND IMPRISONMENT

98. Plaintiff hereby restates, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully stated herein.

99. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

100.        At the aforementioned times and locations, due to the conduct of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while

in the course and scope of their employment with THE CITY OF NEW YORK and BEST BUY CO., INC., and acting under authority of the NEW YORK CITY POLICE DEPARTMENT and BEST BUY CO., INC., falsely arrested and imprisoned the Plaintiff without warrant, authority of law or probable cause therefore.

101.     That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

102.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

103.     That plaintiff was conscious of the confinement.

104.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

105.     By the actions described above, the individual and municipal defendants caused

plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

106.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### ASSAULT AND BATTERY

107.     Plaintiff hereby restates, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully stated herein.

108.     That on or about January 26, 2013, due to the negligence of the defendants, their agents, servants, employees, licensees and/or police officers while in the course and scope of their employment with CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, in response to a civil complaint and without, plaintiff's consent willfully, wantonly, maliciously, and intentionally committed assault and battery upon the plaintiff when he was improperly kicked, punched, thrown to the ground, searched and handcuffed; the claimant was forcibly placed under arrest and taken to 9th Precinct to be treated, where the claimant continued thereafter to be humiliated and imprisoned under the custody and control of the CITY OF NEW YORK and the NEW

22

YORK CITY POLICE DEPARTMENT.

109.     That the acts and conduct constituting the assault and battery consisted in part of the following: violently threatening plaintiff with physical harm; intentionally attempting to cause injury to plaintiff; a vicious assault and battery against plaintiff, placing plaintiff in handcuffs without reason of cause and excessive force against plaintiff; exercising unreasonable, unnecessary and excessive force during the course of an investigation; committing an unjustified arrest of plaintiff; carelessly employing the use of force in arresting plaintiff; committing a harmful, offensive and un-consented attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; unlawfully interfering with plaintiff's right to conduct his usual business; and otherwise using great and threatening force and violence against plaintiff.

110.     That as a direct, sole a proximate result of the assault and battery, plaintiff was caused to and did sustain serious, personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, and loss of personal and business income.

111.     On January 26, 2013, while plaintiff was lawfully present in the aforesaid location, he was caused to be negligently, intentionally, wrongfully, willfully, maliciously and with gross negligence, physically detained, assaulted, beaten, battered and falsely arrested by Defendants and was caused to sustain severe and permanent injuries.

112.     The aforementioned occurrence took place due to the negligence of the NYPD Defendants, their agents, servants, employees licensees and/or police officers, acting within the scope of their authority, within the scope of their employment and in the furtherance of

their agency.

113.     The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the defendants and their agents, servants, employees and/or licensees in negligently, carelessly and recklessly causing, allowing and/or permitting the plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted, battered, and falsely arrested.

114.     No negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

115.     That by reason of the foregoing, plaintiff was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a result plaintiff was and will continue to be rendered unable to perform his normal activities and duties and in consequence has sustained a loss therefrom.

116.     As a result thereof, Plaintiff was damaged in a sum far in excess of the jurisdictional limits of this Court pursuant to CPLR 3017(c).

## TENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING

117.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

24

118.      Defendant THE CITY OF NEW YORK and BEST BUY CO., INC., negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

119.      As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

120.      Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

121.      Defendants JOHN DOES 1-8 negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

122.      As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

25

## TWELFTH CLAIM

### NEW YORK CITY HUMAN RIGHTS LAW

123.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

124.    By the actions described above, defendants BEST BUY CO., INC. and JOHN DOES

3-8 violated plaintiff's rights as protected by the New York City Human Rights Law (NYC

Admin. Code § 8-101 et seq.). The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his rights as guaranteed

thereby.

125.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, physical injury, psychological injury and

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

injured.

## THIRTEENTH CLAIM

### ATTORNEY'S FEES

126.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs

with the same force and effect as though fully stated herein.

127.    Defendants negligently caused emotional distress and damage to the plaintiff.  The

acts and conduct of the defendants were the direct and proximate cause of emotional injury to

the plaintiff and violated his statutory and common law rights as guaranteed by the laws and

Constitution of the State of New York.

128.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged.

129.    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empanelling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorneys' fees;

e.   Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       June 17, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:    JESSICA MASSIMI (JM-2920)
       80 Maiden Lane, 12th Floor
       New York, New York 10038
       (212) 962-1020

27