

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

MICHAEL V. DINKINS,

                       Plaintiff,

            -against-

THE CITY OF NEW YORK,
POLICE OFFICER SEAN CORBETT (Tax  944460),
POLICE OFFICER TIMOTHY HARRINGTON (Tax  944636),
BEST BUY STORES, L.P.,
JOHN DOE 1, a manager of BEST BUY STORES, L.P.,
JOHN DOE 2, a security guard of BEST BUY STORES, L.P., and
JOHN DOES 3-6, employees of BEST BUY STORES, L.P.,

                       Defendants.

------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

13 CV 4221 (ER)

JURY TRIAL DEMANDED

Plaintiff, MICHAEL DINKINS, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, MICHAEL DINKINS, seeks relief for

the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§§ 1981, 1982, 1983, 1988, and of rights secured by the Fourth and Fourteenth

Amendments to the United States Constitution, and of rights secured under the laws and

Constitution of the State of New York.  The plaintiff seeks damages, both compensatory

and punitive, affirmative and equitable relief, an award of costs, interest and attorney's

fees, and such other and further relief as this Court deems equitable and just.

1

## JURISDICTION

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.  Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.  The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.  Venue herein is properly laid in the United States District Court for the Southern District of New York.

## NOTICE OF CLAIM

6.  Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.  That plaintiff, pursuant to General Municipal Law § 50-H, was produced for a statutory hearing and this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8.  Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

9.  Plaintiff, MICHAEL DINKINS, is an adult African-American male and at all times hereinafter mentioned is a citizen of the United States residing in Kings County, City and State of New York.

10. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department ("NYPD").

12. Defendants, POLICE OFFICER SEAN CORBETT (Tax 944460) and POLICE OFFICER TIMOTHY HARRINGTON (Tax 944636), (the "individual NYPD defendants"), are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendants Corbett and Harrington were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK. The defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing

3

and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants are sued herein in their official and individual capacities.

13. Defendant, BEST BUY STORES, L.P., was and is a foreign limited partnership located, doing business, and operating at 52 East 14th Street near 4th Avenue in the County, City and State of New York, duly organized and existing under and by virtue of the laws of the State of New York. It is designated as a foreign limited partnership by the New York State Department of State.

14. At all times herein mentioned, defendants JOHN DOES 1-6 (the "individual BEST BUY defendants") were and are employees of the defendant BEST BUY STORES, L.P., and were acting within the scope of their employment with the defendant BEST BUY STORES, L.P.

15. The actions of the individual Best Buy defendants complained of herein were done pursuant to official policies of Best Buy Stores, L.P.

16. The actions of the individual Best Buy defendants complained of herein were done pursuant to various purported asset protection policies, which the individual Best Buy defendants were specifically employed to utilize in a racially discriminatory fashion.

17. These "policies" were used in a racially discriminatory manner and as a pretext, by the individual Best Buy defendants and BEST Buy Stores, L.P. , for racial discrimination against plaintiff and other lawful customers who are members of racial minorities.

18. The defendant Best Buy Stores, L.P. was aware of the discriminatory and unconstitutional actions of the individual Best Buy defendants and Best Buy Stores, L.P. failed to take appropriate remedial or disciplinary actions.

19. The discriminatory actions of the individual Best Buy defendants complained of herein were done out of personal discriminatory racial animus.

4

20. The discriminatory actions of the individual BEST Buy defendants complained of herein were done pursuant to a company-wide policy and practice of discriminating and violating the rights of racial minorities, specifically the plaintiff named herein.

21. Defendants JOHN DOES 1-6 are sued herein individually and in their capacity as employees of Best Buy Stores, L.P.

22. Defendant BEST BUY STORES, L.P. is liable to plaintiff for their own actions and also pursuant to the doctrine of *respondeat superior* for deprivation of rights pursuant to the laws of the State of New York, common law torts pleaded herein, and the United Stated Constitution and under 42 U.S.C. § 1981 and § 1982.

23. At all times herein mentioned, defendants BEST BUY STORES, L.P. its agents, servants and/or employees, including defendants JOHN DOES 1-6, were under an obligation to operate, manage, maintain, and control the premises, and their own and their subordinates' activities and behavior, in a careful, safe, and lawful manner.

24. At all times herein mentioned, defendant BEST BUY STORES, L.P. was under an obligation to use reasonable care in the hiring, training, retention, and supervision of their employees.

25. At all times herein mentioned, defendant CITY OF NEW YORK was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

## STATEMENT OF FACTS

26. On January 26, 2013 (the "date of the arrest"), at approximately 12:00 a.m., plaintiff, MICHAEL DINKINS, was lawfully present inside of the Best Buy store located at 52 East 14th Street in the City and County of New York, State of New York (the "location").

27. Plaintiff was lawfully present inside of the location with the intention of making a purchase.

5

28. Plaintiff was prevented from making this lawful purchase by the individual Best Buy defendants because of his race, that being African-American.

29. This Best Buy store is owned, operated, and controlled by the defendant Best Buy Stores, L.P.

30. JOHN DOE 3, a store employee on duty at the time of the incident, approached plaintiff and falsely accused the plaintiff, a racial minority, of criminal activity inside of the location.

31. JOHN DOE 3 then alerted his manager, JOHN DOE 1.

32. JOHN DOE 1, manager of the location, then approached plaintiff.

33. JOHN DOES 1 and 3 acted aggressively towards plaintiff and spoke to him in a condescending, disrespectful, and accusatory tone throughout the duration of the incident.

34. Plaintiff was treated in this manner by each of the individual Best Buy defendants, and they treated him this way because he is a member of a racial minority.

35. The individual Best Buy defendants knew that plaintiff was a member of a racial minority, being African-American, and they perceived him to be African-American.

36. Plaintiff was not involved in any unlawful or suspicious activity.

37. JOHN DOE 1 then falsely accused plaintiff of being engaged in criminal activity and/or of otherwise attempting to steal, damage, or otherwise destroy property of defendant BEST BUY STORES, L.P.

38. JOHN DOE 1 made these accusations because of plaintiff's status as a member of a racial minority.

39. JOHN DOE 1, as manager and supervisor of the location, then alerted JOHN DOE 2, a security guard of BEST BUY STORES, L.P.

6

40. Without any legal basis or justification, JOHN DOES 1-6 (i.e. the individual BEST BUY defendants) then physically detained plaintiff and prevented him from leaving the store.

41. While detaining him, the individual BEST BUY defendants would not tell plaintiff why he was being detained, and continued to speak to him in an aggressive, threatening condescending and disrespectful tone and manner.

42. The individual Best Buy defendants interfered with plaintiff's efforts to lawfully purchase property from the store because he is African-American and because of his status as a member of a racial minority group.

43. JOHN DOE 1, as manager and operator of the defendant BEST BUY STORES, L.P., called the police and asked them to come to the location to arrest plaintiff.

44. The individual Best Buy defendants singled out plaintiff, from amongst several other customers at Best Buy who were not members of racial minority groups, for inquiry, surveillance, and police investigation because he is African-American.

45. At no point did the individual Best Buy defendants ask plaintiff to leave the premises.

46. Rather, they detained, assaulted, battered, and falsely arrested him without any legal justification or excuse, for no other reason than because of his race.

47. By detaining, assaulting, battering, falsely imprisoning, and falsely arresting plaintiff, the individual Best Buy defendants harassed plaintiff and also intentionally prevented him from consummating his intended transaction.

48. Defendants Police Officer Sean Corbett and Police Officer Timothy Harrington, arrived at the scene in response to the call. The individual NYPD defendants arrived in uniform and on duty.

49. Despite plaintiff's apparent distress, defendants Police Officer Sean Corbett and Police

Officer Timothy Harrington first sought to speak with, and did speak with, employees of defendant BEST BUY STORES, L.P., including the individual Best Buy defendants named herein and/ or other employees of the defendant BEST BUY STORES, L.P.

50. When the police officers approached the plaintiff – despite the fact that it was plainly visible that plaintiff had not attempted to damage, destroy, or steal property, or engage in any other illegal activity – the individual NYPD defendants would not listen to anything plaintiff said, and were very rude, dismissive, threatening and aggressive towards plaintiff.

51. Defendants Police Officer Sean Corbett and Police Officer Timothy Harrington would not tell plaintiff why he was being arrested and, when asked, told plaintiff to "shut up."

52. Defendants Police Officer Sean Corbett and Police Officer Timothy Harrington did not intervene and at no time did they tell plaintiff why he was being arrested.

53. Either defendant Police Officer Sean Corbett or Police Officer Timothy Harrington also told plaintiff that he was being arrested because he had a "quota to meet" and stated, in sum and substance, that he was "sick of you people around here."

54. After plaintiff told the individual NYPD defendants how he had just been falsely accused, physically detained, falsely arrested, and prevented from leaving the location, plaintiff was nonetheless detained and searched by defendants Police Officer Sean Corbett and Police Officer Timothy Harrington

55. The search yielded no evidence of any guns, drugs, or contraband.

56. There was no evidence that plaintiff had engaged in any illegal activity because he had, in fact, not engaged in any illegal activity.

57. Plaintiff complied with all of the individual NYPD defendants' requests.

58. Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendant officers arrested him.

59. The individual NYPD defendants had no knowledge or any reasonably trustworthy information of facts and circumstances to warrant the arrest of plaintiff.

60. The defendants placed excessively tight handcuffs on plaintiff's wrists causing him extreme physical pain.

61. Plaintiff was taken to the local area precinct of the New York City Police Department believed to be the 9th Precinct, where he was held for several hours.

62. At the 9th Precinct, despite the fact that plaintiff had not been engaged in any suspicious or illegal activity, and despite the fact that the searches of plaintiff yielded no evidence of any guns, drugs or contraband, the individual NYPD defendants strip searched plaintiff.

63. The search yielded no evidence of any guns, drugs, or contraband.

64. Despite the fact that plaintiff had not been engaged in any illegal activity, and despite the fact that the numerous and invasive searches conducted against plaintiff yielded no evidence of any wrongdoing, from the 9th Precinct plaintiff was then taken to New York County Central Booking and processed under Arrest Number M2013608235.

65. Plaintiff was eventually summarily released from central booking without being charged and without seeing a judge when the New York County District Attorney declined to prosecute plaintiff.

66. Accordingly, the "charges" against plaintiff were dismissed in his favor.

67. The individual NYPD defendants who arrived at the location did not seek to speak to, and did not speak to, any of the numerous witnesses present whether about whether plaintiff had in fact had engaged in any of the activities alleged by the individual BEST BUY

defendants (i.e. JOHN DOES 1-6 named herein), and whether he had in fact been detained by the individual BEST BUY defendants without any legal basis.

68. The individual NYPD defendants in fact knew that plaintiff had not engaged in any illegal or suspicious activity.

69. The NYPD and the CITY OF NEW YORK had a policy, practice, and/or custom that members of the NYPD simply defer to accounts of alleged misconduct by employees and/or members of the public given by management and/or security guards at various retail establishments in the CITY OF NEW YORK.

70. Defendant JOHN DOE 2, a security guard at BEST BUY STORES, L.P., detained and falsely imprisoned plaintiff.

71. The City of New York and the individual NYPD defendants granted the individual Best Buy defendants and BEST BUY STORES, L.P. undue deference in their disputes with the public.

72. Defendants JOHN DOES 1-6 willfully participated jointly with the individual NYPD defendants in their unlawful and unconstitutional behavior.

73. The individual NYPD defendants used the false statement made by defendants JOHN DOE 1 named herein (manager of BEST BUY STORES, L.P.) defendant John Doe 2 named herein (a security guard at BEST BUY STORES, L.P.) and the remaining individual BEST BUY defendants named herein at John Does 3-6 (employees of BEST BUY STORES, L.P.), to justify their unconstitutional conduct towards the plaintiff, knowing that the statements made by the Best Buy defendants were false and baseless.

74. Defendant BEST BUY STORES, L.P., by and through its agents, servants and/or employees, including JOHN DOES 1-6, willfully participated in joint activity with

10

defendant CITY OF NEW YORK, its agents, servants and/or employees, in attempting to have plaintiff detained, arrested, imprisoned, and charged without justification, privilege or probable cause.

75. Based on the instigation, importuning and encouragement by defendant BEST BUY STORES, L.P., its agents, servants and/or employees, including defendants JOHN DOES 1-6, and without first conducting any reasonable or honest inquiry or investigation, despite the fact that the individual NYPD defendants knew plaintiff had committed no crime, and despite the absence of any evidence of wrongdoing, the individual NYPD defendants intentionally and with deliberate indifference to plaintiff's civil rights arrested plaintiff, and further purposely processed plaintiff at the 9th Precinct of the New York City Police Department and at New York County Central Booking under Arrest Number M2013608235 in the hopes that they would be able to cover up and justify their initial unjustified detainment, search, and arrest of plaintiff.

76. It was objectively unreasonable for the defendants to arrest the plaintiff as there was no evidence that he had engaged in any unlawful conduct.

77. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

78. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the aforementioned conduct engaged in against the plaintiff.

79. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct engaged herein as required.

80. That at all relevant time mentioned herein, the individual NYPD defendants were on duty

11

and acting within the scope of their employment, and under color of law and their acts

were done in furtherance of the City of New interests without legal justification.

81. As a result of the collective acts of defendants Police Officer Sean Corbett, Police Officer

Timothy Harrington, and BEST BUY defendants, defendant BEST BUY STORES, L.P.,

and the CITY OF NEW YORK, their agents, servants and/or employees, including the

defendants named herein, plaintiff sustained physical injury, loss of liberty, and suffered

emotional distress, and has otherwise been damaged.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY DEFENDANTS POLICE OFFICERS SEAN CORBETT AND TIMOTHY HARRINGTON

82. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with

the same force and effect as though fully stated herein.

83. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of

plaintiff and in failing to protect him from the unjustified and unconstitutional treatment

he received at the hands of other defendants, defendants Corbett and Harrington,

individually and collectively, acting with animus, and under color of law and without

lawful justification, intentionally, maliciously, and with deliberate indifference to or a

reckless disregard for the natural and probable consequences of their acts, caused plaintiff

to be unlawfully subjected to unreasonable force, false arrest and caused damage in

violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and

the United States Constitution, including its Fourth and Fourteenth Amendments.

84. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY THE CITY OF NEW YORK

85. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

86. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants named herein, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

87. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including defendants Corbett and Harrington named herein, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights and did violate plaintiff's rights.

88. The misconduct detailed above was also the result of an institutional policy, practice and/or custom of the defendant CITY whereby NYPD officers and/or employees responding to scenes such as that described above are discouraged from making further inquiry or investigation prior to arresting a subject other than receiving information from the personnel, employees, security guards, and managers at retail establishments, which is

13

given undue deference.

89. The misconduct detailed above was also the result of an institutional policy, practice and/or custom of the defendant CITY whereby NYPD officers and/or employees responding to scenes such as that described above are to credit false allegations made by the personnel, employees, security guards, and managers at retail establishments.

90. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

91. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

92. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate

14

supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

93. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrests.

94. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a.  Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    b.  Discouraging police officers from reporting the corrupt or unlawful acts of others;

    c.  Retaliating against officers who report police misconduct; and

    d.  Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

95. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and

15

wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a.  *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b.  *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.  *Zabala v. City of NewYork,* 37711/2010 (Sup. Ct. Kings Co.);

    d.  *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    e.  *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.  *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.  *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.  *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.  *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.  *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

96. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

97. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was

deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

98. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

99. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury, physical injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### FALSE ARRES, FALSE IMPRISONMENT, ASSAULT AND BATTERY BY POLICE OFFICER SEAN CORBETT AND TIMOTHY HARRINGTON

100.      Plaintiff hereby restates, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully stated herein.

101.      That on or about January 26, 2013, due to the intentional conduct of defendants Harrington and Corbett, their agents, servants, employees, licensees and/or police officers while in the course and scope of their employment with CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, in response to a civil complaint and without, plaintiff's consent willfully, wantonly, maliciously, and intentionally committed assault and battery upon the plaintiff when he was improperly kicked, punched, thrown to the ground, searched and handcuffed; the claimant was forcibly placed under arrest

17

and taken to 9th Precinct to be treated, where the claimant continued thereafter to be humiliated and imprisoned under the custody and control of the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

102.    That the acts and conduct constituting the assault and battery consisted in part of the following: violently threatening plaintiff with physical harm; intentionally attempting to cause injury to plaintiff;  a vicious assault and battery against plaintiff, placing plaintiff in handcuffs without reason of cause and excessive force against plaintiff; exercising unreasonable, unnecessary and excessive force during the course of an investigation; committing an unjustified arrest of plaintiff; carelessly employing the use of force in arresting plaintiff; committing a harmful, offensive and un-consented attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; unlawfully interfering with plaintiff's right to conduct his usual business; and otherwise using great and threatening force and violence against plaintiff.

103.    That as a direct, sole a proximate result of the assault and battery, plaintiff was caused to and did sustain serious, personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, and loss of personal and business income.

104.    On January 26, 2013, while plaintiff was lawfully present in the aforesaid location, he was caused to be negligently, intentionally, wrongfully, willfully, maliciously and with gross negligence, physically detained, assaulted, beaten, battered and falsely arrested by Defendants and was caused to sustain severe and permanent injuries.

105.    The aforementioned occurrence took place due to the negligence of the NYPD Defendants, their agents, servants, employees licensees and/or police officers, acting within

18

the scope of their authority, within the scope of their employment and in the furtherance of their agency.

106.    The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the defendants and their agents, servants, employees and/or licensees in negligently, carelessly and recklessly causing, allowing and/or permitting the plaintiff to be willfully, maliciously and with gross negligence physically detained, assaulted, battered, and falsely arrested.

107.    No negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

108.    That by reason of the foregoing, plaintiff was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a result plaintiff was and will continue to be rendered unable to perform his normal activities and duties and in consequence has sustained a loss therefrom.

109.    As a result thereof, Plaintiff was damaged in a sum far in excess of the jurisdictional limits of this Court pursuant to CPLR 3017(c).

## FOURTH CLAIM

### NEGLIGENCE BY DEFENDANTS CORBETT AND HARRINGTON

110.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

111.    Defendants Police Officer Sean Corbett, Police Officer Timothy Harrington, and JOHN DOES 1-6 negligently caused injuries emotional distress and damage to the plaintiff.

19

The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

112.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

113.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

114.    That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

115.    On January 26, 2013, at the aforementioned location, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

116.    That on or about January 26, 2013, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

20

117.    That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

118.    That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

119.    That the plaintiff was conscious of the confinement.

120.    That as a direct, sole and proximate result of the false arrest, and imprisonment, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

121.    By the individual and collective actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

122.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### SIXTH CLAIM

**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION, 42 U.S.C. SECTION § 1982 AND THE "MAKE AND ENFORCE CONTRACTS" CLAUSE OF 42 U.S.C. § 1981 BY THE INDIVIDUAL BEST BUY DEFENDANTS AND BEST BUY**

123.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

124.     The plaintiff was subjected to racially discriminatory conduct by the defendants BEST BUY STORES, L.P., and JOHN DOES 1-6 in violation of his rights as guaranteed under the Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1982.

125.     That the individual Best Buy defendants and Best Buy interfered with plaintiff's right to make and enforce contracts and thereby violated plaintiff's rights pursuant to 42 U.S.C. § 1981.

126.     That the individual Best Buy defendants and Best Buy interfered with plaintiff's right to purchase personal property, or otherwise interfered with his property rights, and thereby violated plaintiff's rights pursuant to 42 U.S.C. § 1982.

127.     The conduct of the individual BEST BUY defendants occurred while they were on duty and/or in uniform and/or in and during the course and scope of their duties and functions as managerial and/or security employees and/or retail employees in the management and maintenance of BEST BUY STORES, L.P., while they were engaging in racially discriminatory and malicious conduct toward plaintiff in violation of 42 U.S.C. §

22

1981 and § 1982.

128.    Best Buy, L.P. is liable to plaintiff pursuant to the doctrine of *respondeat superior* for deprivation of rights under the United Stated Constitution and under 42 U.S.C. § 1981 and § 1982.

129.    As a result, defendant BEST BUY STORES, L.P. is liable to plaintiff pursuant to the doctrine of *respondeat superior* for deprivation of rights under the United Stated Constitution and under 42 U.S.C. § 1981 and § 1982.

## SEVENTH CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE "FULL AND EQUAL BENEFITS" CLAUSE OF 42 U.S.C. § 1981 BY THE INDIVIDUAL BEST BUY DEFENDANTS AND BEST BUY

130.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

131.    The plaintiff was subjected to racially discriminatory conduct by the defendants BEST BUY STORES, L.P., and JOHN DOES 1-6 in violation of his rights as guaranteed under the "full and equal benefits" clause of 42 U.S.C. § 1981.

132.    That the Best Buy defendants deprived plaintiff of his right to be free from assault, battery, false arrest, and false imprisonment.

133.    The defendants actions in assaulting, battering, falsely arresting, and falsely imprisoning plaintiff were intentionally and purposefully discriminatory.

134.    These discriminatory actions were motivated by racial animus and, specifically by plaintiff's race and ethnicity and/or by his perceived race and ethnicity.

135.    The conduct of the individual BEST BUY defendants occurred while they were on

duty and/or in uniform and/or in and during the course and scope of their duties and functions as managerial and/or security employees and/or retail employees in the management and maintenance of BEST BUY STORES, L.P., and while they were acting pursuant to official policies of and in furtherance of the interests of BEST BUY STORES, L.P.

136.    The Best Buy defendants engaged in racially discriminatory conduct toward plaintiff in violation of 42 U.S.C. § 1981.

137.    As a result, the individual Best Buy defendants are liable to plaintiff pursuant to the doctrine of *respondeat superior* for deprivation of rights under the United Stated Constitution and under 42 U.S.C. § 1981.

138.    As a result, defendant BEST BUY STORES, L.P. is liable to plaintiff pursuant to the doctrine of *respondeat superior* for deprivation of rights under the United Stated Constitution and under 42 U.S.C. § 1981.

## EIGHTH CLAIM

### DEPRIVATION OF RIGHTS UNDER THE NEW YORK CITY HUMAN RIGHTS LAW SECTION 8–107[13] BY THE INDIVIDUAL BEST BUY DEFENDANTS AND BEST BUY

139.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

140.    By the actions described above, defendants BEST BUY STORES, L.P. and JOHN DOES 1-6 (the individual Best Buy defendants) violated plaintiff's rights as protected by the New York City Human Rights Law (NYC Admin. Code § 8-101 et seq.). The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the

plaintiff and violated his rights as guaranteed thereby.

141.    Specifically, the individual Best Buy defendants and Best Buy Stores, L.P. violated plaintiff's rights guaranteed under § 8–107[13] of the New York City Human Rights Law.

142.    The actions of the individual Best Buy defendants complained of herein were done pursuant to official policies of Best Buy Stores, L.P.

143.    The actions of the individual Best Buy defendants complained of herein were done pursuant to various purported asset protection policies, which the individual Best Buy defendants were specifically employed to utilize in a racially discriminatory fashion.

144.    These "policies" were used in a racially discriminatory manner and as a pretext, by the individual Best Buy defendants and BEST Buy Stores, L.P. , for racial discrimination against plaintiff and other lawful customers who are members of racial minorities.

145.    The defendant Best Buy Stores, L.P. was aware of the discriminatory and unconstitutional actions of the individual Best Buy defendants and Best Buy Stores, L.P. failed to take appropriate remedial or disciplinary actions.

146.    The discriminatory actions of the individual Best Buy defendants complained of herein were done out of personal discriminatory racial animus.

147.    The discriminatory actions of the individual BEST Buy defendants complained of herein were done pursuant to a company-wide policy and practice of discriminating and violating the rights of racial minorities, specifically the plaintiff named herein.

148.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### DEPRIVATION OF RIGHTS UNDER
### NEW YORK EXECUTIVE LAW SECTION 296
### BY THE INDIVIDUAL BEST BUY DEFENDANTS AND BEST BUY

149.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

150.    By the actions described above, defendants BEST BUY STORES, L.P. and JOHN DOES 1-6 (the individual Best Buy defendants) violated plaintiff's rights as protected by the New York Executive Law.

151.    The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his rights as guaranteed thereby.

152.    Specifically, the individual Best Buy defendants and Best Buy Stores, L.P. violated plaintiff's rights guaranteed under § 296 of the New York Executive Law.

153.    The actions of the individual Best Buy defendants complained of herein were done pursuant to official policies of Best Buy Stores, L.P.

154.    The actions of the individual Best Buy defendants complained of herein were done pursuant to various purported asset protection policies, which the individual Best Buy defendants were specifically employed to utilize in a racially discriminatory fashion.

155.    These "policies" were used in a racially discriminatory manner and as a pretext, by the individual Best Buy defendants and Best Buy Stores, L.P., for racial discrimination against plaintiff and other lawful customers who are members of racial minorities.

156.    The defendant Best Buy Stores, L.P. was aware of the discriminatory and unconstitutional actions of the individual Best Buy defendants and Best Buy Stores, L.P. failed to take appropriate remedial or disciplinary actions.

26

157.    The discriminatory actions of the individual Best Buy defendants complained of herein were done pursuant to a company-wide policy and practice of discriminating and violating the rights of racial minorities, specifically the plaintiff named herein.

158.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### FALSE ARREST, FALSE IMPRISONMENT, ASSAULT AND BATTERY BY THE INDIVIDUAL BEST BUY DEFENDANTS

159.    Plaintiff hereby restates, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully stated herein.

160.    At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

161.    At the aforementioned times and locations, due to the conduct of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with BEST BUY STORES, L.P., and acting under authority of BEST BUY STORES, L.P., subjected plaintiff to assault and battery, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

162.    That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent;

27

unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

163.    That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

164.    That plaintiff was conscious of the confinement.

165.    That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

166.    By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

167.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and

28

injured.

## ELEVENTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF BEST BUY STORES, L.P. FOR STATE LAW AND CIVIL RIGHTS VIOLATIONS

168.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

169.     That at all times hereinafter mentioned, defendant BEST BUY STORES, L.P. assumed responsibility supervision, and authority over the individual Best Buy defendants and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

170.     On January 26, 2013, at the aforementioned location, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

171.     That on or about January 26, 2013, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with BEST BUY STORES, L.P. and acting under authority of BEST BUY STORES, L.P., falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

172.     That the acts and conduct on the part of the individual defendants, individually and collectively, constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully arresting plaintiff and placing plaintiff in

handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

173.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

174.     That the plaintiff was conscious of the confinement.

175.     That as a direct, sole and proximate result of the false arrest, and imprisonment, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

176.     By the individual and collective actions described above, the individual defendants and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

177.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING BY THE CITY OF NEW YORK AND BEST BUY STORES, L.P.

178.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

179.    Defendant THE CITY OF NEW YORK and BEST BUY STORES, L.P., negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the direct and proximate cause of damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

180.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

### ATTORNEY'S FEES

181.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

182.    Defendants negligently caused emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

183.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional

31

distress, great humiliation, costs and expenses, and was otherwise damaged.

184.    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is

appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the

defendants:

  a. Compensatory damages;

  b. Punitive damages;

  c. The convening and empanelling of a jury to consider the merits of the
   claims herein;

  d. Costs and interest and attorneys' fees;

  e. Such other further relief as this court may deem appropriate and
   equitable.

Dated: New York, New York
   August 29, 2013

       Respectfully submitted,

       **LAW OFFICES OF MICHAEL S.
       LAMONSOFF, PLLC**
       *Counsel for the Plaintiff*

       By: JESSICA MASSIMI (JM-2920)
       80 Maiden Lane, 12th Floor
       New York, New York 10038
       (212) 962-1020